# In the United States Court of Federal Claims

No. 22-97T

(E-Filed: June 23, 2022)

**NOT FOR PUBLICATION**

|  |  |  |
|---|---|---|
| DONNA R. SUPPLEE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Motion for Reconsideration; |
| v. | ) | RCFC 59(a). |
| | ) | |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

ORDER

On April 19, 2022, plaintiff filed a motion for reconsideration of this court's April 5, 2022 order dismissing this case.  See ECF No. 14 (motion for reconsideration); ECF No. 12 (April 5, 2022 order of dismissal).  For the following reasons, plaintiff's motion for reconsideration is **DENIED**.

I.      Background

On January 27, 2022, plaintiff filed her complaint and her motion for leave to proceed in forma pauperis (IFP).  See ECF No. 1 (complaint); ECF No. 2 (IFP motion).  On February 3, 2022, the court entered an order denying plaintiff's motion for leave to proceed IFP as incomplete and directing plaintiff "to **either PAY** the **$402.00** in required fees or **SUBMIT** the attached **IFP application**" on or before February 22, 2022.  ECF No. 6 at 1.  In the same order, the court warned that if plaintiff failed to comply with the order, "this action shall be dismissed without prejudice for failure to prosecute" pursuant to Rule 41 of the Rules of the United States Court of Federal Claims (RCFC).  Id. at 1-2.

On March 9, 2022, defendant filed a motion to dismiss, pursuant to RCFC 41(b).  See ECF No. 8.  Therein, defendant requested dismissal of plaintiff's complaint for non-

compliance with this court's February 3, 2022 order. See id. at 1. Plaintiff then filed a notice in which she argued that the court was "unlawfully attempting to charge a fee for the free exercise of a right." ECF No. 10 at 1.

On March 22, 2022, the court issued an order in which it outlined the plaintiff's continued failure to comply with the court's fee requirements, or in the alternative the requirements for proceeding pro se. See ECF No. 9. The court also allowed plaintiff one final opportunity to either pay the filing fee or file a complete IFP application, "[o]n or before **April 1, 2022**." Id. at 2. The court advised plaintiff, for a second time, that "[i]f plaintiff fails to meet this deadline, this case will be dismissed with prejudice for failure to prosecute, pursuant to RCFC 41." Id. As of April 5, 2022, the court had not received plaintiff's fee payment or her completed IFP application. See ECF No. 12 at 2. Therefore, the court dismissed the case for failure to prosecute. See id.

Plaintiff now seeks reconsideration of that order. See ECF No. 14.

II.     Legal Standards

Rule 59(a) governs motions for reconsideration, and provides that rehearing or reconsideration may be granted:

> (A) for any reason for which a new trial has heretofore been granted in an action at law in federal court; (B) for any reason for which a rehearing has heretofore been granted in a suit in equity in federal court; or (C) upon the showing of satisfactory evidence, cumulative or otherwise, that any fraud, wrong, or injustice has been done to the United States.

RCFC 59(a)(1).

The court, "in its discretion, 'may grant a motion for reconsideration when there has been an intervening change in the controlling law, newly discovered evidence, or a need to correct clear factual or legal error or prevent manifest injustice.'" Biery v. United States, 818 F.3d 704, 711 (Fed. Cir. 2016) (quoting Young v. United States, 94 Fed. Cl. 671, 674 (2010)). Motions for reconsideration must be supported "'by a showing of extraordinary circumstances which justify relief.'" Caldwell v. United States, 391 F.3d 1226, 1235 (Fed. Cir. 2004) (quoting Fru-Con Constr. Corp. v. United States, 44 Fed. Cl. 298, 300 (1999), aff'd, 250 F.3d 762 (Fed. Cir. 2000)). Such a motion, however, "'may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment.'" Exxon Shipping Co. v. Baker, 554 U.S. 471, 485 n.5 (2008) (quoting 11 C. Wright & A. Miller, Federal Practice and Procedure § 2810.1 (2d ed. 1995)). In addition, "a motion for reconsideration is not intended . . . to give an 'unhappy litigant an additional chance to sway' the court."

Matthews v. United States, 73 Fed. Cl. 524, 525 (2006) (quoting Froudi v. United States, 22 Cl. Ct. 290, 300 (1991)).

III.     Analysis

In her motion, plaintiff seeks reconsideration of this court's order of dismissal on the basis that she "wishes to prosecute this case, but unfortunately, cannot afford the filing fee." ECF No. 14 at 1. According to plaintiff, the court's decision to dismiss this case "because [p]laintiff cannot afford the filing fee is a denial of due process." Id. (citing Boddie v. Connecticut, 401 U.S. 371 (1971)). Plaintiff attaches to her motion a copy of a 2016 order issued by another judge of this court granting plaintiff's late husband IFP status in a different case. See id. at 2. Plaintiff contends that she "is, and has always been, a housewife," and therefore, "[s]ince the family breadwinner was previously granted IFP status, the [p]lainiff must likewise be granted IFP status." Id. at 1.

The merits of plaintiff's argument notwithstanding, plaintiff fails to acknowledge that this court offered her multiple opportunities to pay the filing fee or complete her IFP application in this case. See ECF No. 6 at 1; ECF No. 9 at 2. Likewise, plaintiff provides no explanation for her failure to comply with the deadlines set by the court, despite the court's clear and repeated warnings that such failure would result in the dismissal of her case. See generally ECF No. 14.

In addition to eliding the opportunities previously provided by the court to pay the filing fee or complete her IFP application, plaintiff does not allege in her motion that there has been a change in controlling law, newly discovered evidence, or that there is a need to correct a legal or factual error. Biery, 818 F.3d at 711. Nor has plaintiff alleged any circumstances that could fairly be understood as extraordinary. Caldwell, 391 F.3d at 1235. As such, plaintiff has failed to make a legally sufficient showing to justify reconsideration of this court's April 5, 2022 order of dismissal, ECF No. 12.

IV.     Conclusion

Accordingly, for the foregoing reasons, plaintiff's motion for reconsideration, ECF No. 14, is **DENIED**.

IT IS SO ORDERED.

s/*Patricia E. Campbell-Smith*
PATRICIA E. CAMPBELL-SMITH
Judge
